FILED

2005 Apr-25  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **EDWARD WILSON, JR.,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **CIVIL ACTION NO. 04-HS-** |
| **REALTY SOUTH, INC., et al.,** | ] | **3261-S** |
| | ] | |
| **Defendants.** | ] | |

## <u>Memorandum of Opinion</u>

Presently before the Court are the Motions to Dismiss of Defendants United States Steel Corporation ("USS"), and JRHBW Realty, Inc.  (Docs. 9, 12).  For the reasons stated herein, the Motions will be **GRANTED in part and DENIED in part**.

## I.    INTRODUCTION AND ALLEGATIONS OF THE COMPLAINT

This is a civil action filed by the Plaintiff, Edward Wilson, Jr., against the Defendants, JRHBW Realty, Inc., and USS.  The Complaint, amended twice by the addition of facts and changing of party's names, includes four Counts.  Count One alleges violations of the Plaintiff's civil rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1988.  Count Two alleges violations of Title VII of the Civil Rights Act of 1964.  Count Three alleges violations of the Federal Fair Housing Act.  Finally, Count Four

1

alleges violations of the Alabama Fair Housing Act.  All counts are alleged against all Defendants.

The original Complaint alleges as follows:

9.    the Preserve is a new construction community project located in the city of Hoover.  The Preserve is being developed by [JRHBW Realty, Inc.] and USS.

10.    Plaintiff is an African-American man hired by Defendant Realty South on July 6, 2001.

11.    Sometime thereafter, Plaintiff went through a different and separate hiring process conducted jointly by Defendants . . . in order to become an on-site agent at the Preserve.

12.    Plaintiff was an on-site agent of Defendants . . . at the Preserve.

13.    Plaintiff was the only African-American on-site agent at the Preserve and the only African American sales agent in new construction/sales for Defendants . . . for the Birmingham metropolitan area.

14.    On or about November 16, 2003, Plaintiff sold a home in the Preserve neighborhood to his African-American son.  Plaintiff and his wife were also actively looking to move to the Preserve.

15.    On or about November 18, 2003, Plaintiff was discharged from selling homes in the Preserve by Defendants [JRHBW Realty, Inc.].  Upon information and belief, Defendant USS played an active role in this decision.

16.    Defendant [JRHBW Realty, Inc.] has 17,000 agents nationwide, roughly 1,000 of which work in the Birmingham metropolitan area.  During the relevant times herein, there were no other [JRHBW Realty, Inc.] African-American agents working as on-

site agents for new construction communities and very limited
numbers of African-American agents associated with over-the-
mountain offices for [JRHBW Realty, Inc.].

*Complaint*, at ¶¶ 9-16.

## II.   STANDARD OF REVIEW FOR MOTION TO DISMISS

We accept the facts of the complaint as true and view them in the light
most favorable to the nonmoving party. *Id.* Dismissal pursuant to Rule
12(b)(6) is not appropriate "unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which would
entitle him to relief." *Magluta v. Samples,* 256 F.3d at 1283-84 (quoting
*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80
(1957)).

*Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

## III.   USS'S MOTION TO DISMISS

**A.   Whether Plaintiff's Claims in Count One Alleging a Violation of the
Fifth and Fourteenth Amendments of the U.S. Constitution, 42
U.S.C. § 1983, and 42 U.S.C. § 1985, Must be Dismissed due to
Plaintiff's Failure to Allege State Action.**

**1.   42 U.S.C. § 1983**

The Defendant first contends that the law is clear that Section 1983 claims can

only be maintained if the Plaintiff alleges state action.

Section 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or
the District of Columbia, subjects, or causes to be

3

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

As the Supreme Court has explained, "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) (internal punctuation and citations omitted).

*Focus on the Family v. Pinellas Suncoast Transit Authority,* 344 F.3d 1263, 1276 - 1277 (11th Cir. 2003).

Notably, the Plaintiff does not address this issue in his brief. In any case, the Defendant is correct, and any claims the Plaintiff makes pursuant to 42 U.S.C. § 1983 are due to be **DISMISSED** for the failure to allege state action.

### 2.    42 U.S.C. § 1985

As Defendant points out, "[w]hile Section 1985(3) in and of itself does not

require state action, the United States Supreme Court has recognized that if the right allegedly deprived under Section 1985(3) arises under the Fourteenth Amendment, the plaintiff must establish state action." *Defendant's Brief*, at 3 (citing *Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 830 (1983)).   In addition, the Eleventh Circuit has established that "corporate appellees, as private actors, may be liable for Fourteenth Amendment rights only through conspiracy with state actors in violation of 42 U.S.C. § 1985(3)." *Terry Properties Inc. v. Standard Oil Co.*, 799 F.2d 1523, 1533-34 (11th Cir. 1986).  Defendant contends that because the Plaintiff has not alleged a violation by a state actor, nor a conspiracy with state actors, the Plaintiff's § 1983 claim should be dismissed.

It is important to note that the Defendant argues dismissal of the 42 U.S.C. § 1985(3) claim only to the extent that it is based on violations of the Fourteenth Amendment.  The Plaintiff does not respond to this specific argument.  Instead, the Plaintiff agrees that § 1985(3) "is a remedial statute and does not provide a cause of action in and of itself, it does 'provide a cause of action when some other defined federal right – to equal protection of the laws or equal privileges and immunities under the laws – is breached by a conspiracy in the manner defined.'"   *Plaintiff's Brief*, at 4 (quoting *Great American Fed. Savings & Loan Assoc. v. Novotny*, 422 U.S. 366 (1979).  Plaintiff contends that his claims under § 1985 specifically include

5

causes of action for violations of § 1981. *Plaintiff's Brief*, at 5. Because that portion of the Plaintiff's claim has not been addressed, the Court declines to determine at this juncture whether that is a valid claim. However, because there is no state action, the Plaintiff cannot maintain a claim under § 1985 for Fourteenth Amendment violations. The Motion to Dismiss will be **GRANTED** as to all Plaintiff's 42 U.S.C. § 1985(3) claims based on the Fourteenth Amendment.

### B.      Fifth and Fourteenth Amendment Claims In General

Any other claims, based in or on the Fifth or Fourteenth Amendment are also due to be dismissed due to the lack of an allegation of state action.[1] Accordingly, the Motion to Dismiss will be **GRANTED** as to all claims based in or on the Fifth or Fourteenth Amendment, including the 42 U.S.C. § 1985(3) claims.

### C.      Whether Plaintiff has Complied With Statutory Prerequisites to Filing Suit.

Count Two of the Complaint alleges violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The Defendant charges that Count Two should be dismissed because "Plaintiff does not allege that he has received a notice of right to sue." *Defendant's Brief*, at 4. The Plaintiff's Amended Complaint alleges that he has received a notice of right to sue. As to this Count, the Motion to Dismiss will be

---

[1]Plaintiff also fails to address this issue in his brief.

**DENIED**.

### D.    Plaintiff's Federal Fair Housing Act Claims

Count Three of the Amended Complaint makes a claim under the Fair Housing Act, 42 U.S.C. §§ 3604, 3605, and 3606.  The Defendant contends that the Act does not provide a private cause of action for an individual who claims he was terminated because of his race.  The Defendant contends that the Plaintiff cannot make a claim under either section 3604 or 3605.

### 1.    Section 3604

42 U.S.C. § 3604 provides in pertinent part:

. . . it shall be unlawful

**(b)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C.A. § 3604(b).  Plaintiff claims this is the section which entitles him to relief. Specifically, the Plaintiff claims that he was discriminated against "in the provision of services or facilities in connection therewith, because of race."   However, the Court agrees with the Defendants that the only logical interpretation of this language is that it applies to the sale and rental of dwellings.  The Plaintiff has provided no case to the Court suggesting otherwise.  Accordingly, as to the Plaintiff's Federal Fair

Housing Act Claims under 42 U.S.C. § 3604, the Motion to Dismiss will be **GRANTED**.

> ### 2.      Section 3605

42 U.S.C. § 3605 provides in pertinent part:

> It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

42 U.S.C.A. § 3605.  Again, this statute does not seem to be intended to provide a cause of action for discriminatory termination.

The Plaintiff cites the Court to *Hall v. Lowder Realty Co., Inc.,* 160 F. Supp.2d 1299, 1318 (M.D. Ala. 2001), stating that in that case "the court specifically held that real estate agents may bring a claim for a cause of action based on § 3605." *Plaintiff's Brief*, at 10.  However, in *Hall*, the Plaintiff, an African-American real-estate agent, brought the action alleging that her former employer engaged in racially discriminatory referral practices and retaliated against her and terminated her for opposing discrimination and because of her race.  *Hall*, 160 F.Supp.2d at 1305. While the Court noted that the Plaintiff did have standing to sue, she was not suing under § 3605 for being terminated, as the case is here.  Instead, as the Court writes:

> Hall also asserts that defendants' alleged practice of making race-based

referrals violates § 3605 of the FHA. Subsection (a) of § 3605 of the Fair Housing Act provides that, "It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C.A. § 3605(a). The statute defines the term "residential real estate-related transaction" to include "[t]he selling, brokering, or appraising of residential real property." 42 U.S.C.A. § 3605(b)(2). The HUD regulations interpreting this section prohibit discrimination "in the performance of" real-estate sales and brokering services. 24 C.F.R. § 100.135(a).

As discussed above, Hall has presented evidence that defendants discriminated in referrals by racially pairing clients with agents. Under the FHA, "[d]iscrimination based on intentional consideration of [race] ... is illegal, even if the defendant was not motivated by personal prejudice or racial animus." Schwemm § 10.2 at 10-5 (citing, *inter alia, United States v. Pelzer Realty Co.,* 484 F.2d 438, 443 (5th Cir.1973)). Therefore, racial matching of customers with agents clearly constitutes racial "discrimination" "in the performance of" real-estate sales services.

*Hall v. Lowder Realty Co., Inc.*, 160 F.Supp.2d 1299, 1318 (M.D.Ala.,2001).  The

*Hall* case stands for the proposition that agents can sue for racially discriminatory

practices which injure them–not for being terminated because of one's race.

Accordingly, the Court does not find it persuasive.

The Motion to Dismiss will be **GRANTED** as to the Plaintiff's Fair Housing

Act claims under 42 U.S.C. § 3605.[2]

---

[2]The court does not address nor opine as to whether a proper claim is made under 42 U.S.C. § 3606, as the Defendant has not moved to dismiss that portion of the case.

9

### E.    Alabama Fair Housing Act Claims.

The Defendant moves to dismiss the Plaintiff's Alabama Fair Housing Act Claims brought under Ala. Code § 24-8-5.  That section reads as follows:

> It shall be unlawful to deny any person access to, or membership or participation in, any multiple listing service, real estate brokers' organization, or other service, organization, or facility relating to the business of selling or renting dwellings or to discriminate against him or her in the terms or conditions of the access, membership, or participation on account of race, color, religion, sex, handicap, familial status, or national origin.

Ala. Code § 24-8-5.  The title of the section is "Unlawful acts; access to listing services."  This code section simply does not apply to termination based on a discriminatory motive.

The Motion to Dismiss will be **GRANTED** as to the Plaintiff's Alabama Fair Housing Act Claims brought under Ala. Code § 24-8-5.

## IV.    JRHBW'S MOTION TO DISMISS

JRHBW's Motion to Dismiss incorporates the Motion to Dismiss of USS.  Its grounds for dismissal are identical.  The Plaintiff's Defenses to JRHBW's Motion are likewise identical.  Accordingly, for the above stated reasons the JRHBW's Motion to Dismiss will be **GRANTED in part and DENIED in part**, to the same extent as USS's Motion to Dismiss.

DONE this 22nd day of April, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge